Curia, per

O’Neall, J.
In this case it ought to be kept constantly in mind, that when the writ of attachment was lodged in the Sheriff’s office, the goods of the defendant were in his hands in specie. He had previously seized them in execution ; but still he might have levied the attachment, and this would have constituted no conflict between the two processes. The levy of the attachment would have been a junior lien, and could only have created a claim for what might have been left after satisfying the precedent levy. This is not a case where the property or fund is protected by being in the custody of the law. So too, the Sheriff being in the possession of the goods of the absent debtor, was properly the garnishee.
For lie is not within the exception which in one case exempts him from being made a garnishee. In Serg’t. on Att. 89,(a) it is said that a Sheriff cannot be made a garnishee in respect to money raised on a fi. fa. This is the only exception, and in all other cases he is like any ether person, liable to be summoned. In this case he had the defendant’s goods, and now has the defendant’s money, left after satisfying the elder execution. Service upon him would have been a levy upon the goods. He might accept the service, and thus make it effectual. He said in his return, that he was applied to to acknowledge service, and that he said he thought it unnecessary, as he considered the lodgment of the writ sufficient notice. The party plaintiff in attachment ought not to be pre *64 judiced by an ommission of the officer of the law, which the Court could remedy by amendment.
This is often done in the amendment of returns of service of writs, of levies on ft. fas. and generally in all cases where it is a mere clerical omission or mistake. This practice was pursued in this case, and by doing it the record is perfect, and the prior lien of the attaching creditor is preserved.
The motion is dismissed.
The whole court concurred.

 See Blair vs. Cantly, 2 Sp. 34. 1 Strob. 244 2 Sp. 389. An.